# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| JONATHON ERIC COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-016-JRG-SKL |
| ) | |
| SANDY ANN GARRETT, BEDFORD ) | |
| COUNTY JAIL, and BRIAN MCELROY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights complaint filed pursuant to 42 U.S.C. § 1983. On August 24, 2018, this Court entered an order screening Plaintiff's complaint and allowing Plaintiff fifteen days from the date of entry of the order to file an amended complaint [Doc. 5]. More than fifteen days have passed and Plaintiff has not complied with this order or otherwise communicated with the Court. Further, on August 31, 2018, the United States Postal Service returned the Court's mail to Plaintiff containing its previous order as undeliverable with a statement indicating that it could not forward the mail [Doc. 6], and the Court's search of the Tennessee Department of Correction's Felony Offender Information database (https://apps.tn.gov/foil-app/search.jsp) establishes that Plaintiff is "inactive." Accordingly, for the reasons set forth below, this matter will be **DISMISSED** due to Plaintiff's failure to prosecute and failure to comply with the Court's orders.

Rule 41(b) of the Federal Rule of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th

Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff failed to update his address and/or monitor this action as this Court's Local Rule 83.13 requires.

As to the second factor, the Court finds that Defendants have not been prejudiced by Plaintiff's failure to comply with the Court's order.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this action if Plaintiff did not timely comply with the Court's previous order [Doc. 5 p. 5].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner who was granted leave to proceed *in forma pauperis* in this action [Doc. 5 p. 1] and Plaintiff has not pursued this action since filing a supplement to his motion for leave to proceed *in forma pauperis* [Doc. 4] more than a year ago.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). *White v. City of Grand Rapids*, No. 01-229234, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that a pro

se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe,* 951 F.2d 108 (6th Cir. 1991).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

ENTER:

                                                                                    s/J. RONNIE GREER
                                                            UNITED STATES DISTRICT JUDGE